UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　-vs-<br><br>DELFINO MEJIA-AVILA,<br><br>　　　　　　　Defendant. | No.　2:14-CR-0177-WFN-1<br><br>ORDER DISMISSING INDICTMENT<br><br>**UNITED STATES MARSHAL ACTION REQUIRED** |

　　　A pretrial conference and motion hearing was held March 30, 2016. The Defendant, who is in custody, was present and represented by Stephen Roberts, Jr. and assisted by Court-appointed interpreter Bea Rump; Assistant United States Attorney Matthew Duggan represented the Government. The Court addressed Defendant's Motion to Dismiss Indictment. The Court heard testimony from Dillon MacGregor.

　　　The Defendant moves to dismiss the Indictment due to a defect in the original expedited order of removal. Since Defendant challenges an expedited removal order, he must only show that the entry of the removal order was fundamentally unfair. *United States v. Raya-Vaca*, 771 F.3d 1195 (9th Cir. 2014). An underlying removal order is fundamentally unfair if (1) an alien's due process rights were violated by defects in the underlying deportation proceeding, and (2) if he suffered prejudice as a result of the defects. *United States v. Pallares–Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004).

　　　The Court concludes that expedited removal of the Defendant was not permitted pursuant to 8 U.S.C. § 1225(b)(1)(A)(iii). When questioned at the border, the record is clear that Defendant told the immigration officials that he had lived in the United States since 1993 and was returning to his home in Brewster, Washington. When asked for

ORDER - 1

identification, he presented a valid Washington State driver's license which was issued more than two years prior to his entry into the United States. Defendant, if provided an opportunity, could have also shown that his son was born in Brewster, Washington in 1996.

However, even if the expedited removal process was the appropriate process to remove the Defendant, he did not receive due process during his removal. "It is a well-known maxim that agencies must comply with their own regulations. When determining whether an agency's violation of a regulation invalidates an underlying deportation, we must first determine whether the regulation itself serves a purpose of benefit to the alien. If the regulation serves a purpose beneficial to the alien, the violation invalidates the deportation only if the violation prejudiced the interests of the alien which were protected by the regulation." *United States v. Ramos*, 623 F.3d 672, 683 (9th Cir. 2010). The expedited removal process is outlined in 8 CFR §1235.3(b)(2)(i). In the case of an expedited removal, the provisions laid out in that regulation provide the only due process protections afforded to an alien. The parties disagree as to the prejudice caused by the failure to abide by the regulation, but agree that §1235.3(b)(2)(i) was violated because Form I-860 was not signed by the Defendant acknowledging receipt as required. As Form I-860 provides notice to Defendant of his rights, a missing signature on that page undermines the assurance that he was notified of his due process rights at the time of his removal.

The Defendant suffered prejudice from the defect in due process. "A defendant need not conclusively demonstrate that he or she would have received relief to show prejudice, but must show only that there were plausible grounds for relief." *Ramos*, 623 F.3d at 684. "To assess whether a defendant has shown that he would plausibly have been granted a discretionary form of relief from removal, we follow a two-step process. First, we identify the factors relevant to the agency's exercise of discretion for the relief being sought. Second, we determine whether, in light of the factors relevant to the form of relief being sought, and based on the unique circumstances of the defendant's own case, it was

plausible that the agency official considering the defendant's case would have granted relief from removal." *United States v. Raya-Vaca*, 771 F.3d 1195, 1206 (9th Cir. 2014).

Defendant should have been informed of the discretionary relief of withdrawal of application for admission pursuant to 8 CFR §1235.4. The Court looks to the Inspector's Field Manual for guidance as to whether or not Defendant should have been offered such relief. *United States v. Barajas-Alvarado*, 655 F.3d 1077 (9th Cir. 2011). The factors laid out by the Field Manual mostly weigh in favor or at least are neutral in regard to whether Defendant should have been offered discretionary relief. First, the Court notes that the severity of the immigration violation was minimal to non-existent. Defendant attempted to enter the United States while "behind the seat" of a Suburban SUV. There is no indication that Defendant attempted to conceal himself in any way other than riding in the rear of a vehicle. He was not covered or hiding. He presented legal identification with his true name when requested. Second, at the time immigration officials approached Defendant at the border he had no prior findings of inadmissibility. He had no criminal history and no prior deportations/removals. Third, while the Defendant's subjective intent is difficult to ascertain, his willingness to provide his identification and answer questions posed by immigration officials suggests he did not intend to violate the law. As to the fourth factor, the Court is not certain of Defendant's ability to overcome the grounds of inadmissibility, but notes that Defendant had lived and worked in the United States for several years prior to the border stop; he had never been ruled inadmissible or deportable, and at the time had a minor son who is a United States citizen. The remaining factors neither weigh in favor nor against Defendant. Based on these factors, the Court concludes that Defendant demonstrated it is plausible he had a claim for withdrawal of his application for admission. Thus, Defendant has shown he was prejudiced.

Since the Court finds that Defendant's due process rights were violated and that he suffered prejudice as a result, the Court concludes that the original removal order was fundamentally unfair and cannot serve as the basis of a criminal charge pursuant to 8 U.S.C. § 1326. Each of Defendant's following removals were based on this original and

faulty expedited removal.  Therefore, Defendant's Motion shall be granted and the Indictment dismissed.

The Court has reviewed the file and Defendant's Motion and is fully informed. This Order is entered to memorialize and supplement the oral rulings of the Court. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion to Dismiss Indictment, filed March 11, 2016, **ECF No. 24**, is **GRANTED**.

2. The Indictment is **DISMISSED WITH PREJUDICE.**

The District Court Executive is directed to file this Order and provide copies to counsel **AND TO** United States Marshals Service--**action required**.

**DATED** this 5th day of April, 2016.

04-04-16

                  s/ Wm. Fremming Nielsen
                  WM. FREMMING NIELSEN
           SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4